```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                       **PLAINTIFF**

   **v.**                   **Case No. 06-50064**

**HOLLIS WAYNE FINCHER**                                            **DEFENDANT**

### O R D E R

Currently before the Court is Defendant's **Motion for Arrest of Judgment (Doc. 37)** and the Government's **Response (Doc. 39)** in opposition.  The Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

   1.  In his motion, defendant makes the following contentions in support thereof:

   (a)  He contends the indictment laid against him -- and on which he was tried before a jury -- fails to charge an offense because:

      (1)  it doesn't plead jurisdiction -- as there is "not a hint of an accusation of any interstate commerce";

      (2)  it is allegedly contrary to the case law in the Ninth Circuit as the same existed prior to the decision reached in U.S. v. Stewart, 451 F.3d 1071 (9th Cir. 2006);

      (3)  it did not charge the elements of a crime in that it did not plead the negation of an exception under the statute defendant was charged with violating; and

(4)  it did not charge the elements of an offense in that it did not plead the negation of Second Amendment protections to be relied upon by defendant.

(b)  He further contends that the Court had no jurisdiction over defendant with respect to the charge laid against him "due to the lack of any interstate commerce, and the lack of any other federal jurisdictional nexus."

2.  The relief defendant requests -- based upon the foregoing contentions -- consists of the following:

(a)  He seeks "an arrest of the judgment for such reasons whether or not stated herein as the Court finds just";

(b)  He seeks "an order compelling the government to produce the findings and conclusions of Congress to the effect that the Defendant's possession of machine guns constituted interstate commerce as that term is used in the commerce clause of the U.S. Constitution (whatever they rely upon)";

(c)  He seeks "an order compelling the government to fully and fairly respond to every question posed in the brief filed contemporaneously herewith"; and

(d)  He seeks "all such other and further relief as may be appropriate whether or not specifically prayed."

3.  The United States has responded to defendant's motion, contending that it should be denied for the following reasons:

2

(a)  because, it says, "the entirety of the Defendant's motion has been previously addressed by this Court numerous times";

(b) because the Court has several times rejected defendant's argument that Congress had no constitutional authority to enact the statutes he is charged with violating; and

(c)  because the Court has several times rejected defendant's arguments based upon the Second Amendment.

4.   A motion for arrest of judgment under Rule 34 may only be raised and granted on grounds that (1) the indictment or information does not charge an offense; or (2) that the court was without jurisdiction of the offense which was charged.  The Court disagrees with the United States' contention that these two material contentions have been previously addressed numerous times. The Court does not recall that defendant filed any pretrial motions challenging the sufficiency of the indictment or the Court's jurisdiction and, thus, the Court has had no previous occasion to address or rule on these particular issues.  In his Response (Doc. 29) to the United States' pre-trial motion in limine and in his Motion for Order Requiring Production of Evidence of Congressional Findings (Doc. 32), defendant made his arguments about "interstate nexus" and the Second Amendment.  However, these arguments related to the burden of proof to be borne by the United States during trial; the scope of proof which would be permitted at trial; and the nature of the instructions on the law which would be given to

3

the jury upon submission of the case to them.  They were not characterized as challenges to either the sufficiency of the indictment or the jurisdiction of the Court.

Obviously, it would have been in the interests of justice and judicial economy if the defendant had raised these contentions before a jury was empaneled and the case was tried.  Based upon defendant's motion and brief, it appears that everything he asserts on the issues was known to him well before the trial began.  He does not point to any new facts relevant to the issues which might have been discovered during or after the trial nor does he cite any new law relevant to the inquiry which came into being during or after the trial.

5.  The Court now turns to defendant's contentions[1] that the indictment doesn't allege an offense.

(a)  He argues that the indictment "contains not a hint of accusation of any interstate commerce."  (Doc. 37 at ¶ 2.)  The Court infers from this argument a contention on defendant's part that the indictment is faulty and does not allege an offense absent an "interstate commerce" allegation.  In considering this contention, it is useful to note the following language from <u>United States v. Hernandez</u>, 299 F.3d 984, 992 (8th Cir. 2002):

---

[1]The Court deems it unnecessary to address defendant's curious contention which is apparently based upon the case law of the Ninth Circuit.  The contention, itself, seriously challenges rational analysis but, as best the Court can determine, it is irrelevant to the issues under discussion.

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

The elements of unlawful possession of a machine gun in violation of 18 U.S.C. § 922(o) are: (1) that the defendant possessed a machine gun, and (2) that he did so knowingly. See United States v. Spencer, 439 F.3d 905, 915 (8th Cir. 2006). The statute does not contain a jurisdictional element and the Government is not required to put on evidence of any connection with interstate commerce. See United States v. Fisher, 2005 WL 2033329, *3-4 (6th Cir. 2005). Thus, the Court rejects defendant's argument that the indictment was insufficient for failing to allege an interstate-commerce nexus.

(b) Defendant further argues that the indictment failed to charge an offense, as it did not allege that defendant's possession of the machine guns was "not reasonably related to a well-regulated militia" (Doc. 37 at ¶ 7), or that the weapons were not possessed as authorized under one of the exceptions listed in § 922(o)(2).

In considering these arguments, it is useful to note what the Supreme Court of the United States has said on the matter, viz: "an indictment ... founded on a general provision defining the element of an offense ... need not negative the matter of an exception ... it is incumbent on one who relies on such exception to set it up and establish it." McKelvey v. United States, 260

U.S. 353 (1922); see also United States v. Wise, 221 F.3d 140, 148 (5th Cir. 2000) (an exception to a criminal statute is not an element of the offense, but an affirmative defense for which the defendant bears the burden of proof).  In light of the foregoing, the Court rejects defendant's contentions that the indictment fails to allege an offense because it does not plead the negation of either statutory or constitutional exceptions which might shield defendant from criminal liability.

    6.   The Court next turns to defendant's contention that the Court had no jurisdiction over him with respect to the charge laid against him "due to the lack of any interstate commerce, and the lack of any other federal jurisdictional nexus."

This contention is clearly without merit.  See Article III, U.S. Constitution (The judicial Power of the United States . . . shall extend to all Cases, in Law and Equity, arising under this Constitution, **the Laws of the United States . . .**)(emphasis added); See also U.S. v. McDaniel, 75 F.R.D. 454 (W.D. Okla. 1977) (motion for arrest of judgment under Rule 34 for lack of jurisdiction must be denied where indictment charged defendant with violating laws of the United States within the Court's district).  Actually, this contention is the same as defendant's arguments -- rejected above -- challenging the indictment.  It continues to be without merit with respect to the issue of jurisdiction and is rejected.

7.  It follows that, to the extent defendant's motion seeks to arrest the judgment based upon either a faulty indictment or a lack of jurisdiction (the only two proper grounds for same), it will be denied for reasons set forth above.

It further follows that, to the extent defendant's motion seeks:

* "an order compelling the government to produce the findings and conclusions of Congress to the effect that the Defendant's possession of machine guns constituted interstate commerce as that term is used in the commerce clause of the U.S. Constitution (whatever they rely upon)";

* "an order compelling the government to fully and fairly respond to every question posed in the brief filed contemporaneously herewith"; and

* "all such other and further relief as may be appropriate whether or not specifically prayed";

the same will be denied since such "relief" is beyond the proper scope of a motion to arrest judgment under Rule 34.

8.  Based on the foregoing, the Court finds defendant's **Motion for Arrest of Judgment (Doc. 37)** to be without merit. The motion is, therefore, **DENIED**.

IT IS SO ORDERED this 8th day of February 2007.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE