```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

      v.        Criminal No. 06-50064-001

**HOLLIS WAYNE FINCHER**                                                    **DEFENDANT**

## O R D E R

    Now on this 10th day of May, 2007, comes on for consideration defendant's **Motion To Provide Defense Counsel With A Copy Of Trial Transcript** (document #45), and the Court, being well and sufficiently advised, finds and orders as follows:

    1.   Defendant Hollis Wayne Fincher has been convicted of one count of possessing a machine gun and one count of possessing an unregistered firearm, and is scheduled for sentencing on June 22, 2007. After his trial, Fincher discharged his attorney, was granted *in forma pauperis* status, and was appointed a new attorney to represent him at sentencing.

    2.   Fincher's new attorney now moves the Court for a copy of the trial transcript, noting that she was not his trial counsel and asserting that "there may be factual disputes in the Presentence Report that could only be resolved by the review of a transcript" and that she "would need to review the transcript to preserve any issues raised during the trial for purposes of argument during the sentencing hearing."

    3.   The reasons offered in support of the motion are, in the Court's view, inadequate. As to the first reason, the Presentence

Investigation Report was mailed to Fincher's attorney on April 5, 2007, and there has been ample time for Fincher and his attorney to identify any factual disputes they have with that document, yet none is stated or even suggested in the motion.  The argument is only that there "may be" such disputes.  Not only is such speculation insufficient to justify the request, but the Court recalls from the trial that the facts were not in dispute.  Only the legal ramification of those facts was disputed.

As to the second reason, objections raised and properly preserved at trial need not be reasserted at sentencing to fully preserve them for appeal purposes.

Because no good and sufficient reason is offered, the Court will deny the request for a copy of the trial transcript for use at sentencing.

4.   Fincher also asks for an extension of fourteen days after receipt of the transcript to lodge any objections to the Presentence Investigation Report.  The Court notes that one fourteen-day extension has already been informally granted, and believes -- as noted above -- that Fincher and his attorney have had ample time to identify objections.  However, given that no objections have been filed, and that the motion implies there are such objections, the Court will grant a limited additional time, through May 18, 2007, for defendant to file objections to the Presentence Investigation Report.

**IT IS THEREFORE ORDERED** that defendant's **Motion To Provide Defense Counsel With A Copy Of Trial Transcript** (document #45) is **granted in part and denied in part.**

The motion is **granted** to the extent it requests and extension of time to file objections to the Presentence Investigation Report, and defendant is allowed through May 18, 2007, to file such objections.

The motion is **denied** to the extent it requests a copy of the trial transcript.

**IT IS SO ORDERED.**

      /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**