**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

        v.        Criminal No. 06-50064-001

**HOLLIS WAYNE FINCHER**                                                    **DEFENDANT**

<u>**AMENDED ORDER**</u>

Certain matters have come to the Court's attention in connection with the captioned case that persuade the Court that an evidentiary hearing should be held to examine them in further detail.

On November 9, 2006, defendant Hollis Wayne Fincher ("Fincher") completed a document entitled "Financial Affidavit In Support Of Request For Attorney Or Other Court Services Without Payment Of Fee" ("Financial Affidavit").  In it, Fincher indicated that he owned a home and 120 acres in Fayetteville, Arkansas (the "Property"), and gave the value of the Property as "unknown."  No information as to liens against the Property was given.

The Financial Affidavit is part of the paperwork required under the Court's Criminal Justice Act Plan (the "Plan"), which is a "plan for furnishing representation for any person financially unable to obtain adequate representation" under **18 U.S.C. §3006A.** Pursuant to the Plan, legal representation is furnished at government expense to persons charged with felony crimes who are "financially eligible."  The only purpose for completing the Financial Affidavit is to obtain legal representation or other

such services at government expense under the Plan.

On the basis of his Financial Affidavit, an attorney was appointed to represent Fincher. His case was conducted by this attorney until December 13, 2006, when his appointed attorney withdrew in favor of an attorney who had been retained by Fincher. On March 8, 2007, at Fincher's request his retained attorney was allowed to withdraw and again, on the basis of the Financial Affidavit, the Court appointed Fincher an attorney.

A Presentence Investigation Report was prepared in connection with Fincher's sentencing. In the section entitled "Financial Condition: Ability to Pay," the Court was informed that Fincher had "recently transferred" the Property to his two daughters, jointly, by quit claim deed executed on January 29, 2007, but that his wife continued to live on the Property.

At sentencing, the Court -- acting under the belief that Fincher had no significant assets -- imposed a fine much lower than that computed under the Sentencing Guidelines. Fincher continued to be represented by his appointed counsel.

Following sentencing, Fincher moved for release on bond pending a designation of the Bureau of Prisons facility in which he will serve his sentence. At that point, in connection with the pledging of the Property to secure a bond of $100,000.00, the Court became aware that when Fincher quitclaimed the Property to his daughters, he had reserved life estates in the Property to

himself and his wife.

This series of events calls into question Fincher's Financial Affidavit and his eligibility for services under the Plan. If, at the time Fincher executed the Financial Affidavit, the Property had significant value, the Court believes it is unlikely that Fincher would have qualified for appointed counsel under **§3006A**. Nor does the mere fact that he has divested himself of the fee in the Property necessarily make him indigent from that point forward.

**§3006A(c)** provides that "[i]f at any time after the appointment of counsel . . . the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate." Because the information recited above suggests that Fincher may be -- and may have been from the beginning -- financially able to obtain counsel, the Court has an obligation to make inquiry into the matter.

A further, and perhaps more troubling, aspect of the matter is that the Court reduced the fine imposed on Fincher at sentencing, based on its understanding that Fincher was financially unable to pay a fine. This matter, too, creates an obligation to further investigate.

For the foregoing reasons, the Court will conduct an


evidentiary hearing at 11:00 a.m. on Tuesday, July 3, 2007, in the U.S. District Court, 35 East Mountain, Room 509, Fayetteville, Arkansas.  Fincher is directed to be present, and to have with him the most recent tax statement he has received with regard to the Property.

The Court will direct the Clerk to issue, and the United States Marshal's Service to serve, subpoenas for the following individuals to appear and give testimony at the hearing: Linda Fincher; Carol Ann Hale; David Hale; Connie Fields; and Kenneth Fields.

At the hearing, the Court will question Fincher and the witnesses listed above about the issues addressed in this Order. Both government counsel and defense counsel will have an opportunity to ask questions of these witnesses, based upon the Court's questions, and both parties will have the opportunity to call witnesses and present evidence on their own behalf.

**IT IS THEREFORE ORDERED** that the Court will conduct an evidentiary hearing at 11:00 a.m. on Tuesday, July 3, 2007, in the U.S. District Court, 35 East Mountain, Room 509, Fayetteville, Arkansas.  Fincher is directed to be present at that time, and to have with him the most recent tax statement he has received with regard to the Property.

**IT IS FURTHER ORDERED** that the Clerk of Court issue, and the U.S. Marshal's Service serve, subpoenas for attendance at such

hearing on the following individuals:  Linda Fincher; Carol Ann Hale; David Hale; Connie Fields; and Kenneth Fields.

**IT IS SO ORDERED**, this 28th day of June, 2007.

                                         **/s/ Jimm Larry Hendren**
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**