IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                     PLAINTIFF

       v.        Criminal No. 06-50064-001

HOLLIS WAYNE FINCHER                                         DEFENDANT

O R D E R

Now on this 29th day of June, 2007, comes on for consideration defendant's oral **Motion For Bond Pending Appeal**, which was made at the time of his sentencing. At the Court's request the parties briefed the issue, and presented oral arguments at a hearing on June 25, 2007. On the basis of those submissions, and other matters appearing, the Court now finds and orders as follows:

1. Defendant Hollis Wayne Fincher ("Fincher") was convicted by a jury of possession of a machine gun, in violation of **18 U.S.C. §§922(o)** and **924(a)(2)**, and possession of a sawed off shotgun not registered, in violation of **26 U.S.C. §§5841, 5861(d)** and **5871.** He was sentenced to concurrent terms of 78 months imprisonment on each Count, a fine of $1,000.00, and a special assessment of $200.00. A Notice Of Appeal was filed on June 28, 2007.

2. Fincher contends that he should be allowed to remain at liberty pending the outcome of his appeal, subject to the posting of an appropriate bond, as provided in **18 U.S.C. §3143(b).** The

government opposes this motion.

3.  The statute in question provides for detention of a sentenced prisoner who has filed a notice of appeal, unless the Court finds:

> (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>     (i)   reversal,
>     (ii)  an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Court is persuaded from the evidence presented that Fincher does not pose a flight or safety risk, and will thus turn directly to subsection (B) of the statute to resolve the pending motion.

4.  In the Eighth Circuit, a question is "substantial" for purposes of **§3143(b)** analysis if it is a "'close' one or one that very well could be decided the other way." **U.S. v. Powell**, **761 F.2d 1227, 1231 (8th Cir. 1985)**.  This formulation is "responsive to the announced purpose of Congress" in enacting the Bail Reform Act of 1984, of which **§3143(b)** is a part, "which was, bluntly, that fewer convicted persons remain at large while pursuing their appeals."

5.  Fincher's brief suggests two specific issues that are,

in his view, substantial or close questions:

* whether he should have been held accountable, in the computation of his sentence, for firearms seized from the headquarters of an organization of which he was an officer; and

* whether he should have been subjected to a four level increase under the Sentencing Guidelines for his role as an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."

Fincher also states that he intends to "raise other constitutional issues (concerning the Second Amendment) on appeal and, if successful on these issues, they would go to the heart of his conviction and would require reversal."

6.   Fincher's contentions regarding sentencing are related, and the Court will, therefore, consider them together.

(a)   Factual background.

Testimony at trial, coupled with information developed in connection with the Presentence Investigation Report, indicates that, at the time of his arrest, Fincher had for some years been involved with a self-styled "militia" in Washington County, Arkansas.  One militia member identified Fincher and five others as being "the core members of the militia."  Fincher and one other individual took turns serving as the commander and the lieutenant

commander of the organization. Fincher conducted meetings, gave talks about various subjects of interest to the members, and signed various documents which contained statements about the organization and which were mailed to state and federal authorities.

In addition, Fincher manufactured machine guns for other militia members, using mail-order "kits" to which custom-milled components were added. He had assembled somewhere in the range of 50 Sten machine guns and six Browning machine guns in this manner. One militia member stated his belief that Fincher used members to further his own agenda having to do with federal firearms laws.

Many of the firearms assembled by Fincher were stored in a vault at a building which served as headquarters for the group. Fincher had a key to both the building and the vault. In the execution of a search warrant at the headquarters building on November 8, 2006, 26 firearms required to be registered under the National Firearms Act were seized. An additional 18 such weapons were seized that same date in a search of Fincher's residence.

(b)  Accountability for the firearms.

Fincher contends that it was error for the Court to charge him with accountability for the firearms seized from the headquarters building, and reasons that his sentence would be lower if he were not held accountable for them. The Court does not find a substantial or close question presented by this

contention, however.

Fincher assembled the firearms in question, and distributed them to members, thus having responsibility for their very existence. He also had constructive possession of these weapons, given that he had access to the building and the vault where they were stored. Knowledge of the presence of a firearm, combined with dominion over the premises where the firearm is located, amounts to constructive possession of that firearm. **U.S. v. Urick, 431 F.3d 300, 303 (8th Cir. 2005).**

(c) The leadership role increase.

Fincher also contends that it was error for the Court to add a four-level increase to his Guidelines score for his role as an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."

The Court does not find a substantial or close question presented by this argument. The Guidelines, at **§3B1.1(a),** call for an increase in offense level by 4 levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The organization here under consideration was comprised of a core group of Fincher plus five others, and an undetermined number of other members whose level of involvement is not specified. Fincher held official leadership positions in the group, conducted meetings, signed documents, manufactured weapons, distributed them

to members, and had access to the building and the vault where the weapons were stored. These factors, in the Court's view, clearly justify application of the "leadership role" increase.

7. Fincher's Second Amendment contentions are not fleshed out in his supporting brief. This is understandable, given that the attorney who now represents him was not his trial counsel and has not had the benefit of a transcript to prepare the pending motion. The Court is, however, cognizant of the Second Amendment arguments made on behalf of Fincher at trial, and does not believe that any of those arguments presents a substantial or close question, or that his appeal on any such issues would be decided in a way which would result in reversal of Fincher's conviction.

8. For the foregoing reasons, the Court is not persuaded that it would be appropriate, under **§3143(b)**, for Fincher to remain at liberty on bond pending the outcome of his appeal, and his oral **Motion For Bond Pending Appeal** is **denied**.

**IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren
                                       **JIMM LARRY HENDREN**
                                       **UNITED STATES DISTRICT JUDGE**