IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF/RESPONDENT

V.                   Civil No. 10-5004
                     Criminal No. 06-50064

HOLLIS WAYNE FINCHER                              DEFENDANT/MOVANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a pro se 28 U.S.C. § 2255 motion (Doc. 101) filed by the Defendant/Movant Hollis Wayne Fincher. The Government filed a response to the motion (Docs. 103, 104), and Fincher thereafter filed a reply (Doc. 107). The matter is now ripe for consideration and the undersigned, being well and sufficiently advised, finds and recommends as follows:

1. On January 12, 2007, a jury convicted Fincher of one count of possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and one count of possession of an unregistered sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. (Doc. 35.)

2. On June 26, 2007, a judgment was entered sentencing Fincher to 78 months imprisonment on each count, with the terms to run concurrently; two years supervised released on each count, with the terms to run concurrently; a $200.00 special assessment; and a $1,000.00 fine. (Doc. 50.)

3. The Eighth Circuit Court of Appeals affirmed Fincher's conviction. *See United States v. Fincher*, 538 F.3d 868 (8th Cir. 2008).

4.    As grounds for the motion now before the undersigned, Fincher asserts "Lack of Subject Matter Jurisdiction and Ineffective Counsel." (Doc. 101 at pg. 4.)  Specifically, Fincher argues that his counsel was ineffective for not "requir[ing] the Bureau of Alcohol T[o]bacco and Firearms ["ATF"] to prove jurisdiction over subject matter."  (Id.) Fincher cites 18 U.S.C. § 921(a)(2), which defines interstate commerce as excluding "commerce between places within the same State but through any place outside of that State."  Fincher also cites the following language from 18 U.S.C. § 927, "No provision of this chapter shall be construed as indicating an intent on the part of Congress to occupy the field in which such provision operated to the exclusion of the Law of any State on the same subject matter...."  Fincher argues that pursuant to these two statutes, "The State of Arkansas occupies, and has exclusive jurisdiction in the field in which Fincher was unlawfully arrested."  (Id. at pg. 5.)

5.    A § 2255 motion can be dismissed without a hearing if the motion, files, and record conclusively show that the movant is not entitled to relief.  *See United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005).  Fincher did not raise his jurisdictional argument on direct appeal.  Accordingly, he may not obtain § 2255 relief unless he can show cause and prejudice excusing this procedural default.  *See United States v. Collier*, 585 F.3d 1093, 1097 (8th Cir. 2009).   Fincher asserts that he did not raise the argument on direct appeal "because of ineffective counsel."  (Doc.

101 at pg. 11.) Ineffective assistance of appellate counsel may constitute cause and prejudice to overcome a procedural default. *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005).

6.   Essentially, Fincher is asserting – as an independent § 2255 claim – that his trial counsel was ineffective with regard to the jurisdictional issue; and – as cause to excuse his procedural default – that his appellate counsel was ineffective for failing to raise the jurisdictional issue on appeal. To establish ineffective assistance of counsel, both as an independent claim and as cause and prejudice to excuse a procedural default, Fincher must show that his counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

7.   Contrary to Fincher's assertions, his trial counsel did raise a jurisdictional challenge. In a Motion for Arrest of Judgment (Doc. 37), trial counsel argued that the indictment failed to plead jurisdiction, as there was "not a hint of an accusation of any interstate commerce." (Doc. 37 at ¶ 2.) The District Court rejected this argument, observing that the "statute does not contain a jurisdictional element and the Government is not required to put on evidence of any connection with interstate commerce." (Doc. 40 at pg. 5.) Fincher's argument in his current motion regarding the definition of interstate commerce in § 921(a)(2) is merely a re-characterization of trial counsel's

argument and is without merit. Interstate-commerce is not an element of either of the offenses of which Fincher was convicted and the Eighth Circuit has specifically ruled that § 922(o) (possession of a machine gun) and § 5861(d) (possession of an unregistered firearm) are constitutional exercises of Congress' commerce power. *See United States v. Hale*, 978 F.2d 1016, 1017 (8th Cir.), *cert. denied*, 507 U.S. 997 (1992).

8. With regard to Fincher's argument that § 927 grants exclusive jurisdiction to regulate firearms to the States, Fincher misreads the statute. § 927 merely provides that the federal government does not intend to preempt any state firearm law unless it is in conflict with federal law. Thus, Fincher's argument in this regard is without merit.

9. To the extent that Fincher may be challenging the authority of the ATF, this argument is likewise without merit, as Congress has specifically granted this agency the authority to investigate violations of federal firearms laws. *See* 28 U.S.C. § 599A(b)(1).

10. Having concluded, for the reasons set out above, that Fincher's jurisdictional arguments are meritless, the undersigned obviously must conclude that neither trial counsel nor appellate counsel were ineffective for any alleged failure to raise these arguments.

11. Based on the foregoing, the undersigned finds that Fincher has failed to state any claim entitling him to relief.

The undersigned, therefore, recommends that Fincher's 28 U.S.C. § 2255 motion be **DENIED**.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

DATED this 22nd day of July, 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE