```
               IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

                        Civil No. 10-5004
            v.          Criminal. No. 06-50064

HOLLIS WAYNE FINCHER                                  DEFENDANT/MOVANT


## O R D E R

Now on this 1st day of November, 2010, comes on for consideration the **Magistrate Judge's Report and Recommendation** (Doc. 112), filed on July 22, 2010, and the Objections thereto filed by Defendant Hollis Wayne Fincher (Doc. 115). The Court, being well and sufficiently advised, finds and orders as follows:

1. On January 12, 2007, Defendant was convicted on one count of possessing a machine gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2) and one count of possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. §§ 5841, 5861(d), 5871.

2. On June 26, 2007, the Court sentenced Defendant to prison for 78 months on each count, to run concurrently, two years supervised release, a fine and a special assessment. Defendant appealed his conviction and sentence. Defendant also appealed the Court's order in which the Court denied him the appointment of counsel and ordered him to reimburse $8,357.55 to the government for legal services provided to him under the Criminal Justice Act for which the Court found he was not entitled.

3. On October 3, 2008, the Eighth Circuit Court of Appeals affirmed the conviction and remanded the case to the Court for further proceedings related to Defendant's financial ability and appointment of counsel. *See United States v. Fincher*, 538 F.3d 868 (8th Cir. 2008).

4. On January 5, 2010, Defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct the judgment on the grounds of "lack of subject matter jurisdiction and ineffective assistance of counsel." (Doc. 101). Specifically, Defendant asserts that "counsel did not require the Bureau of Alcohol Tobacco and Firearms to prove jurisdiction over subject matter" and, thus, his conviction "is void for lack of jurisdiction."

5. On July 22, 2010, the Magistrate Judge filed her Report and Recommendation in which she concluded that Defendant's jurisdictional arguments are meritless. In addition, the Magistrate Judge noted that Defendant's ineffective assistance of counsel claim is also without merit because his trial counsel raised these jurisdictional issues, *see Motion for Arrest of Judgment* (Doc. 37), and this Court rejected those arguments. (*See* Order, Doc. 40). Defendant's arguments in his § 2255 motion are simply an attempt to rehash arguments that this Court has already addressed.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation is adopted** *in toto*.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Magistrate Judge's Report and Recommendation, **Plaintiff's Motion to Vacate** (Doc. 101) is hereby **DENIED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　/s/ Jimm Larry Hendren
　　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**